UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RANDALL HARGROVE, *et al.*,<br><br>                          Plaintiff,<br>  v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>                         Defendants. | No. C10-363 RBL/KLS<br><br>AMENDED PRETRIAL SCHEDULING ORDER |

This 42 U.S.C. § 1983 civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. An Answer to Plaintiff's Complaint has been filed. A scheduling order is, therefore, appropriate. It is hereby **ORDERED:**[1]

**DISCOVERY**

All discovery shall be completed by **September 3, 2010**. Service of responses to interrogatories and to requests to produce, and the taking of depositions shall be completed by this date. Federal Rule of Civil Procedure 33(b)(3) requires answers or objections to be served within **thirty (30) days** after service of the interrogatories. The serving party, therefore, must serve his/her interrogatories at least **thirty (30) days** before the deadline in order to allow the other party time to answer.

---
[1] The Pretrial Scheduling Order (Dkt. 5) is amended only to reflect the proper caption.

PRETRIAL SCHEDULING ORDER- 1

**MOTIONS**

Any dispositive motion shall be filed and served on or before **October 8, 2010**. The motion shall include in its caption (immediately below the title of the motion) a designation of the Friday upon which the motion is to be noted upon the court's calendar. That date shall be the fourth Friday following filing of the dispositive motion. All briefs and affidavits in opposition to any motion shall be filed and served not later than 4:30 p.m. on the Monday immediately preceding the Friday appointed for consideration of the motion. If a party fails to file and serve timely opposition to a motion, the court may deem any opposition to be without merit. The party making the motion may file a reply to the opposing party's briefs and affidavits, which also shall be filed and served pursuant to the requirements of Fed. R. Civ. P. 7 and Local Rule CR 7.

If a motion for summary judgment is filed, it is important for the opposing party to note the following:

> A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, **you must set out specific facts in declarations, deposition, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment , if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.**

PRETRIAL SCHEDULING ORDER- 2

*Rand v. Rowland*, 154 F.3d 952, 962-963 (9th Cir. 1998) (emphasis added).  Furthermore, Local Rule CR 7(b)(4) states that a party's failure to file necessary documents in opposition to a motion for summary judgment may be deemed by the court to be an admission that the opposition is without merit.

## JOINT STATUS REPORT

Counsel and *pro se* parties are directed to confer and provide the court with a joint status report by no later than **November 26, 2010**.  The joint status report shall contain the following information by corresponding paragraph numbers:

1. A short and concise statement of the case, including the remaining legal and factual issues to be determined at trial;

2. A narrative written statement from each party setting forth the facts that will be offered by oral or written documentary evidence at trial;

3. A list of all exhibits to be offered into evidence at trial;

4. A list of the names and addresses of all the witnesses each party intends to call along with a short summary of anticipated testimony of each witness.

5. Whether the parties agree to arbitration or mediation under this district's arbitration program, and if so whether the arbitration will be final and conclusive or the right to trial de novo will be preserved (see Local Rule CR 39.1(d));

6. Whether the case should be bifurcated by trying the liability issues before the damages issues, or specially managed in any other way;

7. Any other suggestions for shortening or simplifying the trial in this case;

8. The date the case will be ready for trial, considering Local Rule CR 16 deadlines;

PRETRIAL SCHEDULING ORDER- 3

9.  The dates on which trial counsel are unavailable and any other complications to be considered in setting a trial date;

10.  Whether the trial will be by jury or non-jury;

11.  The number of trial days required, and suggestions for shortening trial;

12.  The names, addresses, and telephone numbers of all trial counsel and unrepresented (pro se) parties who intend to appear at trial.

If the parties are unable to agree on any part of the report, they may answer in separate paragraphs.  **Separate reports are not to be filed**.  Plaintiff's counsel (or plaintiff, if *pro se*) will be responsible for initiating communications for the preparation of the joint status report.

### PROOF OF SERVICE & SANCTIONS

All motions, pretrial statements and other filings shall be accompanied by proof that such documents have been served upon counsel for the opposing party (or upon any party acting pro se).  The proof shall show the day and manner of service and may be by written acknowledgment of service, by certificate of a member of the bar of this court, by affidavit of the person who served the papers, or by any other proof satisfactory to the court.  Such proof of service shall accompany both the original and duplicates filed with the Clerk.  Failure to comply with the provisions of this Order can result in dismissal/default judgment or other appropriate sanctions.

The Clerk of Court is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

**DATED** this   22nd   day of March, 2010.

*/s/ Karen L. Strombom*
Karen L. Strombom
United States Magistrate Judge

PRETRIAL SCHEDULING ORDER- 4