UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS RANDEL HARGROVE, and MICHAEL STEVEN NOVAK,<br><br>          Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CORRECTIONS, TODD FREDRICKSON and LT. KEVIN LORESCH,<br><br>          Defendants. | No. C10-0363 RBL/KLS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO COMPEL DISCOVERY |

Before the court is the motion to compel of Plaintiffs Hargrove and Novak. ECF No. 20. Following review of the motion, Defendants' opposition (ECF Nos. 21 and 25), and balance of the record, the court finds that the motion should be denied. Plaintiffs have also filed a motion for telephonic appearance. ECF No. 26. That motion is denied.

**BACKGROUND**

This case was removed from Thurston County Superior Court in March 2010. Plaintiffs have sued the Washington Department of Corrections (DOC) and two individuals, Todd Frederickson and Kevin Loresch, DOC employees at the Monroe Correctional Complex, where Plaintiffs are housed. (Plaintiff Hargove is at the MCC/TRU and Plaintiff Novak is at the MCC/Washington State Reformatory (WSR)). Plaintiffs are co-plaintiffs in two civil rights actions, one in Snohomish County (that is now before the Washington Court of Appeals), and one before the District Court in Seattle. ECF No. 1, p. 14. Plaintiffs have had approval for

ORDER - 1

Inmate to Inmate correspondence in up to three cases over the past three years. The latest approval terminated on March 1, 2010.

On January 19, 2010, Defendant Fredrickson intercepted a letter marked "Legal" that Plaintiff Hargrove sent to Plaintiff Novak. Defendant Frederickson issued a Mail Restriction Notice, stating that "Out going mail with offender to offender correspondence. The authorization is for legal matters. This out going mail contains a message from another person not on the authorization form, in violation of DOC 450.100, II.6." *Id.*, p. 15.

On October 14, 2009, Defendant Frederickson issued another mail restriction notice on correspondence sent from Plaintiff Hargrove to Plaintiff Novak. That restriction stated: "Authorized offender to offender correspondence for on going litigation. Novak, Hargrove v. Harold Clarke, No. 07-2-07461-2. Outgoing mail contains a personal letter, and a legal form for Hargrove, Novak vs. Quinn, No. C09-390 RSM/BAT. This out going mail is for a different case. Not related to the current authorized status."

Defendant Loresch reviewed Plaintiff Hargrove's complaints that Defendant Frederickson had improperly opened his mail and issued the mail restriction notices. Defendant Loresch agreed with Defendant Frederickson's actions and informed Plaintiff Hargrove that offender legal mail will be "scanned, but not read, with closer scrutiny than other legal mail to ensure the correspondence relates solely to legal issues and otherwise complies with DOC Policy 450.100." *Id.*, p. 17.

Plaintiffs allege that Defendants Fredrickson and Loresch have ignored DOC Policy, state statutes and the First and Fourth Amendments to the U.S. Constitution in handling of incoming and outgoing inmate to inmate legal mail protocols. In particular, they cite to WAC 137-48-030(3), for the proposition that their "legal mail" shall be inspected only in their presence and

ORDER - 2

only to verify its legal mail status and that it is free of contraband, but that it may not be read without a search warrant.  They seek compensatory and exemplary damages, and an order enjoining Defendants "and all other DOC staff" from refusing to send out their clearly marked legal mail.  *Id.*, pp. 18-19.

## DISCOVERY DISPUTE

Plaintiffs seek discovery of the following information:

1) All Legal Mail Rejection Notices (DOC Form 05-525) issued at MCC between September 1, 2010 and November 30, 2010.

2) All Appeals (DOC Form 21-757) of Legal Mail Rejection Notices at MCC between September 1, 2010 through November 30, 2010.

3) All Grievances (Levels 1 through III) (DOC Form 05-166) and responses to grievances, filed at MCC against Defendant Fredrickson, Chris Glenn (TRU-CPM), Capt. Anderson (the mailroom captain), and Angel Turley, "and any other WDOC staff working in the MCC mailroom between September 1, 2010 and November 30, 2010.

4) All Official/Staff Misconduct complaints filed with the WDOC against the individuals named above.

Plaintiffs contend that disclosure of this information will provide "more than circumstantial evidence" that defendants have been interfering with incoming, outgoing, protected privileged legal mail by opening said legal mail outside the presence of the prisoner on a regular basis, and in violation of DOC Policies, WA Administrative Law, U.S. Const. 1st and 4th Amendments."  ECF No. 20, pp. 2-3.

Defendants answered that there were no mail rejection notices, appeals or grievances pertaining to Plaintiff Hargrove or Plaintiff Novak during the stated time period.  In addition, Defendants answered that there were no employee conduct reports for either Defendant Loresch or Defendant Fredrickson.  Defendants objected, however, to the remaining requested information.  Defendants argue that discovery of legal rejection notices, appeals, grievances, and

ORDER - 3

official misconduct complaints that do not relate to Plaintiffs' mail is not relevant to whether or not Defendant Fredrickson and/or Defendant Loresch violated Plaintiffs' constitutional rights in the handling of their mail. The court agrees.

## DISCUSSION

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request ... to inspect and copy any designated documents ... which are in the possession, custody or control of the party upon whom the request is served." Fed.R.C.P. 34(a)(1).

To determine the relevancy of the information sought by Plaintiffs, the court takes note of the facts set forth in their complaint. As noted above, Plaintiffs allege that Defendants Frederickson and Loresch violated DOC policies, state statutes, and the U.S. Constitution when they mishandled Plaintiffs' offender to offender correspondence. Thus, documents related to the mail of other offenders and/or the conduct of DOC employees other than the named Defendants is not relevant to a determination that Defendants Frederickson and/or Loresch violated a policy, statute, or federal constitutional provision when they rejected Plaintiffs' mail.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motions (ECF Nos. 20 and 26) are **DENIED.**

(2) The Clerk of the Court shall send a copy of this Order to both Plaintiffs and to counsel for Defendants.

**DATED** this  13th  day of April, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4