1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS RANDEL HARGROVE and
MICHAEL STEVEN NOVAK,

                              Plaintiffs,

        v.

WASHINGTON STATE
DEPARTMENT OF CORRECTIONS,
TODD FREDRICKSON and LT.
KEVEN LORESCH,

                              Defendants.

No. C10-0363 RBL/KLS

ORDER DENYING MOTION FOR
RECONSIDERATION

On April 13, 2011, the Court entered an Order Denying Plaintiffs' Motion to Compel

Discovery.  ECF No. 20.  Plaintiffs move for reconsideration of that Order.  ECF No. 29.

Having carefully considered the Plaintiffs' motion, the Court finds that it should be denied.

**DISCUSSION**

In discovery, Plaintiffs sought the production of all legal mail rejection notices issued at

MCC, all appeals of those notices, and all grievances and staff misconduct complaints against

one of the Defendants, two non-parties, and "any other WDOC staff working the MCC

mailroom."  Plaintiffs request for this information covered a two month period of time.  ECF No.

20, pp. 2-3.  Plaintiffs argued that the disclosure of this information would provide "more than

ORDER - 1

circumstantial evidence" that Defendants have been interfering with incoming, outgoing,

protected privileged legal mail by opening said legal mail outside the presence of the prisoner on

a regular basis, and in violation of DOC Policies, WA Administrative Law, U.S. Const. 1st and

4th Amendments."  ECF No. 20, p. 2-3.

In denying Plaintiff's motion to compel, the Court stated, in part:

To determine the relevancy of the information sought by Plaintiffs, the court takes note of the facts set forth in their complaint. As noted above, Plaintiffs allege that Defendants Frederickson and Loresch violated DOC policies, state statutes, and the U.S. Constitution when they mishandled Plaintiffs' offender to offender correspondence. Thus, documents related to the mail of other offenders and/or the conduct of DOC employees other than the named Defendants is not relevant to a determination that Defendants Frederickson and/or Loresch violated a policy, statute, or federal constitutional provision when they rejected Plaintiffs' mail.

ECF No. 28, p. 4.

Motions for reconsideration are disfavored and will ordinarily be denied in the "absence

of a showing of manifest error in the prior ruling or a showing of new facts or legal authority

which could not have been brought to [the Court's] attention earlier with reasonable diligence."

Local Rule CR 7(h)(1).

Plaintiffs' objection to the Court's Order is based, in large part, on their contention that

their offender to offender approved mail is "Legal Mail," and therefore, cannot be opened

outside the presence of the offender pursuant to DOC policy.  ECF No. 29, p. 6.  In their motion

for reconsideration, Plaintiffs argue that Defendants' reliance on DOC policy that relates to

"offender to offender mail" is misplaced.  They also argue that Defendants "and other mail room

staff" have established a corrupt system of opening inmates incoming/outgoing legal mail

outside the presence of inmates and therefore, the discovery sought is relevant.  *Id.*

In their complaint, Plaintiffs allege that Defendants opened their "pre-approved, clearly

marked outgoing 'Privileged Mail,' 'Special Mail' or 'Legal Mail' in the MCC mailroom outside

ORDER - 2

the presence of either plaintiffs' [sic]," and that Defendants' refusal to send Plaintiff Hargrove's mail to Plaintiff Novak has hindered their ability to pursue other litigation.  ECF No. 1, p. 12. Plaintiffs may be correct that the application of a particular DOC policy is dependent on how their mail is classified.  That issue is for another time.  In addition, classifying their mail as "legal," "special," or otherwise does not change the Court's conclusion that documents related to the mail *of other offenders* and/or the conduct of DOC employees *other than the named Defendants* are not relevant to a claim that Defendants Frederickson and/or Loresch violated Plaintiffs' constitutional rights when they handled Plaintiffs' mail.

Plaintiffs have identified no error in the Court's Order.  Nor have they presented any new facts or legal authority.  Therefore, reconsideration is inappropriate.

It is, therefore, **ORDERED**:

(1)     Plaintiffs' motion for reconsideration (ECF No. 29) is **DENIED**.

(2)     The Clerk is directed to send copies of this Order to each of the Plaintiffs and to counsel for Defendants.

**DATED** this  9th  day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3